410

## A. C. GILBERT CO. v. SHEMITZ et al.

District Court, D. Connecticut. November 29, 1929.

No. 1991.

Bristol & White, of New Haven, Conn. (Henry E. Rockwell and Edmond M. Bartholow, both of New Haven, Conn., of counsel), for plaintiff.

Max W. Zabel, of Chicago, Ill., and Samuel H. Greenberg, of New Haven, Conn., for defendant.

BURROWS, District Judge. This is a suit for infringement of design letters patent No. 75,682, issued July 3, 1928, to plaintiff on an application of Alfred C. Gilbert for a design for a casing for fruit juice extractors. There is also joined with this suit an action based upon unfair competition. These causes are properly joined in one bill, because, as to the unfair competition cause, the parties are citizens of different states. Miller Rubber Co. v. Behrend (C. C. A.) 242 F. 515, 517.

The plaintiff is a manufacturer of electrical products located in New Haven, and the defendants have a retail store in New Haven, where the alleged infringing juice extractor was sold in the usual course of business prior to the filing of the bill and subsequent to the grant of letters patent. It is stipulated that the suit is being defended by Signal Electric Manufacturing Company of Menominee, Mich., the manufacturers of the alleged infringing article.

In February of 1928, an arrangement was made between the plaintiff and the California Fruit Growers' Exchange, whereby the latter became the exclusive distributors of the plaintiff's fruit juice extractor, which exchange, since the time of this arrangement, has expended in advertising over $1,500,000; their advertisements and illustrations of plaintiff's structure having appeared in many of the national publications. Down to the time of the trial, the extractors sold by the plaintiff had a retail value of over $700,000. Undoubtedly, then, the plaintiff's structure was well brought to the attention of the trade and general public.

Taking up the infringement of the design patent, this shows a casing for a fruit juice extractor having a generally cylindrical column or standard, with a flaring base, and an upwardly curved receptacle at its upper end. Extending from the receptacle, and through a slot in the upper end of the standard, is a downwardly inclined spout.

The defendant's structure, so far as its shape, size, and general appearance is concerned, is substantially the same as the plaintiff's structure. Any differences between these structures are slight. The most noticeable difference resides possibly in the fact that in plaintiff's structure, the base is separate and nickel-plated; whereas, in defendant's structure, the flaring base is part of the standard. There is also a very slight difference in the spouts.

 The test for determining whether there is infringement is stated in Smith v. Whitman Saddle Co., 148 U. S. 674, 679, 13 S. Ct. 768, 770, 37 L. Ed. 606: " * * * The true test of identity of design is sameness of

appearance,—in other words, sameness of effect upon the eye; that it is not necessary that the appearance should be the same to the eye of an expert, and that the test is the eye of an ordinary observer, the eyes of men generally, of observers of ordinary acuteness, bringing to the examination of the article upon which the design has been placed that degree of observation which men of ordinary intelligence give." See also Gorham Co. v. White, 14 Wall. 511, 524, 20 L. Ed. 731.

Applying this test to the defendant's structure, it infringes that of the plaintiff.

This leaves, so far as the patent is concerned, the question as to whether or not the plaintiff's patent is valid. The defendant has introduced from the prior art a number of earlier patents, mechanical and design, showing structures having some resemblance to that of the Gilbert design. None of these patents show the same combination of design features as is embodied in the Gilbert patent for fruit juice extractors. The patents to Murphy, No. 1,389,454, Pursell, No. 1,533,208, Brophy No. 1,454,918, and Blessing, No. 1,258,981, show fruit juice extractors having bases, cylindrical standards, and receptacles upon standards; but the shapes of these various elements and the relation to one another are quite different from those produced by the Gilbert design. Other patents, such as the patents to Enssle, No. 1,634,774, and Miller, No. 210,207, show casings having standards and bases substantially the same as the Gilbert patent; but they do not show a receptacle upon the standards similar to Gilbert. The prior art does not disclose a fruit juice extractor so pleasing in appearance as the plaintiff's design. Its simplicity is marked. The form and configuration and the relative proportion of the parts one to another are new and not found in any of the prior patents; not that it contains any specially artistic embellishments, but it is well shaped and well proportioned and is a marked advance over any prior patents, and shows more than mechanical skill. It is a new creation, and the plaintiff's patent is valid.

Taking up the charge of unfair competition, the plaintiff placed its construction on the market in the fall of 1927. The evidence shows that the defendant sold to the public in July, 1928. The defendant has not only copied the form, shape, and general dimensions of the plaintiff's construction closely, but they have copied other features. There is only a slight difference in the color of the standard; the shape of the name plate is very similar and its place upon the standard is the same; the position of the switch in relation to the name plate and the spout is the same. The defendant's and plaintiff's structures have gray cords coming out of the standards at a like place. So that the defendant's structure is not only similar in shape and dimensions, but it is generally similar in all other respects and has the sameness of appearance.

■■ Is this similarity such that the public is likely to be deceived? It is true that if the two constructions are placed side by side, the careful observer would see the slight differences in appearance, but if an ordinary buyer should go into a store to purchase the one, it seems to me that he could easily be deceived and buy the other. "* * * It is sufficient to show that the natural and probable result of defendant's conduct will be to lead the public to purchase his goods in the belief that they are the goods of the plaintiff. If the conduct would deceive the ordinary buyer, making his purchases under the ordinary conditions, it is unfair competition." Miller Rubber Co. v. Behrend, supra, and cases cited.

There are so many similarities between the defendant's structure and that of the plaintiff that the intent to deceive must be inferred. I cannot conceive of so striking a resemblance on the whole coming from mere accident. The greater number of points of similarity, the stronger is the inference of an intentional imitation with intent to deceive. Miller Rubber Co. v. Behrend, supra.

It is my opinion that the evidence supports the charge of unfair competition. The plaintiff may have an injunction with costs.

Let an order be submitted accordingly.