**FETTIG CANNING CO. v. STECKLER, Judge.**

**No. 10324.**

United States Court of Appeals Seventh Circuit.

Heard March 2, 1951.

Decided March 21, 1951.

Writ of Certiorari Denied June 4, 1951.

See 71 S.Ct. 1019.

William C. Bachelder, Indianapolis, Ind., for petitioner.

John T. Grigsby, Vincent A. Kleinfeld, Department of Justice, Washington, D. C., Matthew E. Welsh, U. S. Atty., Indianapolis, Ind., for respondent.

Before MAJOR, Chief Judge, and DUFFY and FINNEGAN, Circuit Judges.

MAJOR, Chief Judge.

This matter is here by reason of an order heretofore entered by this court directing respondent, a Judge of the United States District Court for the Southern District of Indiana, to show cause why such court should not retain jurisdiction of the cases subsequently referred to. The show cause order issued in response to a petition for mandamus. Respondent, in answer to the petition, prayed that the relief requested be denied and the petition for mandamus dismissed. The cases are two actions brought by the United States of America as libels of information in the United States District Court for the Eastern District of Missouri, Eastern Division, numbered 6863. and 6923, being entitled "United States of America v. 311 cases Tomato Catsup" and "United States of America v. 105 cases of Tomato Catsup." The libels were instituted under Title 21 U.S.C.A. § 334, of the Federal Food, Drug, and Cosmetic Act, and the libeled goods were seized by the government within the jurisdiction of the Missouri District.

Petitioner Fettig Canning Company appeared in that court as claimant of the seized products and requested that the actions be transferred to the Southern District of Indiana, under the provision of Title 28 U.S.C.A. § 1404(a). The United States District Attorney for the Missouri District entered his consent and an order of transfer was accordingly entered. The seized goods were not transferred but remained in the jurisdiction of the Missouri court.

The transfers were appropriately docketed by the Indiana court, claimant answered the informations and the cases thus being at issue were set for trial. A jury was empaneled and part of the government's evidence heard, when the court on its own motion ordered "that the above causes, be and each cause is, hereby remanded to the Eastern District of Missouri, Eastern Division, for lack of jurisdiction." Thereupon, the jury was discharged but the order of remand was held in abeyance pending determination by this court of the question of the District Court's jurisdiction.

Petitioner contends that the Missouri court, under Title 28 U.S.C.A. § 1404(a), was authorized to make the transfers and that the Indiana court thereby acquired jurisdiction, and further, that the place of trial being one of venue rather than jurisdiction, no question can be raised in view of the fact that the parties consented to the Southern District of Indiana as the forum for trial. § 1404(a), entitled "Change of venue", provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other dis-

trict or division *where it might have been brought."* (Italics ours.)

The instant controversy turns entirely upon the scope to be given the italicized words. The libeled goods were introduced into commerce by petitioner at Elwood, Indiana, within the jurisdiction of the Southern District of that State, and shipped by it to a point within the Missouri District where they were seized. Petitioner contends that the libel actions might have been brought either in the District of Indiana wherein the shipment originated or in any other District through which the goods passed on their journey to Missouri, the place where they were seized. Respondent contends to the contrary, that is, that no action could have been brought prior to the time the goods were seized, and that the Missouri court was the only court which could or did acquire jurisdiction.

Petitioner relies almost *in toto* upon the construction which the Supreme Court has placed upon § 1404(a) in two recent decisions. Ex Parte Collett, 337 U.S. 55, 69 S.Ct. 944, 959, 93 L.Ed. 1207; United States v. National City Lines, 337 U.S. 78, 69 S.Ct. 955, 959, 93 L.Ed. 1226. In the Collett case, it was held that § 1404(a) was applicable to actions under the Federal Employers' Liability Act, 45 U.S.C. A. § 51 et seq., and in the National City Lines case, to civil suits by the government against corporations under the anti-trust laws. The controlling and determining factor, as we understand, in each of these cases was that the application of § 1404(a) did not modify or alter the existing rights of the parties, in one instance the rights as fixed by the Federal Employers' Liability Act, and in the other case the rights as fixed by the anti-trust laws. In the Collett case, the court stated, 337 U.S. at page 59, 69 S.Ct. at page 947, "Obviously, the express language gives no clue as to where the action 'might have been brought' ", and in sustaining the right of transfer the court stated, 337 U.S. at page 60, 69 S.Ct. at page 947, "Section 1404(a) does not limit or otherwise modify any right granted in § 6 of the Liability Act or elsewhere to bring suit in a particu-

lar district. An action may still be brought in any court, state or federal, in which it might have been brought previously."

In each case the transfer was to a District "where it might have been brought." There is nothing in these cases which holds or indicates that § 1404(a) was or would be applicable in the absence of this essential factor. In other words, the question as to the District "where it might have been brought" has been left untouched by these decisions, and the instant issue being whether the transferred actions were such as "might have been brought" in the Indiana District, the cited Supreme Court decisions furnish little, if any, support to petitioner's contention.

Title 21 U.S.C.A. § 334(a), on which the involved actions were predicated, provides, "Any article of food * * * that is adulterated or misbranded when introduced into or while in interstate commerce * * * shall be liable to be proceeded against while in interstate commerce, or at any time thereafter, on libel of information and condemned *in any district court of the United States within the jurisdiction of which the article is found * *."* (Italics ours.) A proviso of this paragraph provides for the transfer of cases under certain enumerated circumstances, none of which it is claimed or appear to be relevant to the instant situation.

No authority need be cited for the proposition that the jurisdiction of a Federal court is limited to that which Congress has expressly conferred. In view of the plain and unambiguous directive contained in the provision above quoted (italicized), it is not discernible how jurisdiction could be acquired by a District Court other than the one in whose territory the adulterated or misbranded articles were found. Jurisdiction has been made to depend upon that incident. A libel proceeding is one in rem against the contraband article, which is treated as the offender. Cf. Hipolite Egg Co. v. United States, 220 U.S. 45, 57, 31 S.Ct. 364, 55 L.Ed. 364. The basis of all jurisdiction in rem is the court's actual or constructive possession; the res must be within the

718

reach of the court. United States v. Mack, 295 U.S. 480, 484, 55 S.Ct. 813, 79 L.Ed. 1559; Strong v. United States, 1 Cir., 46 F.2d 257, 260, 79 A.L.R. 150.

We suppose it is true, as petitioner contends—at least, we assume that such is a fact—that the libeled articles were subject to seizure within the Southern District of Indiana, but even so, it is not apparent how this is of any aid to petitioner's position. Congress has not seen fit to make jurisdiction dependent upon where the seizure might have taken place but has expressly conferred jurisdiction upon the court of the District wherein the articles are found.

Petitioner's contention fails to evaluate the nature of the action and that the offender is the res against which the action is aimed. A reading of the Act emphasizes the distinction which Congress has apparently drawn between actions in personam and those in rem. § 331 enumerates the prohibited acts, among which is "the adulteration or misbranding of any food, drug, device, or cosmetic in interstate commerce." § 332 confers jurisdiction upon District Courts to restrain violations of § 331. § 333 provides that any person who violates any of the provisions of § 331 shall be guilty of a misdemeanor and subject to the penalties therein prescribed. Evidently both § 332 and § 333 are directed at the offending person and we suppose the District Court of Indiana or any court through whose District the libeled goods were carried would have jurisdiction under these sections. But when we come to § 334, the one here involved, the proceeding is directed at an article and not a person, and while the person who claims to be the owner or interested in the libeled goods is permitted to come in as a claimant, it is not necessary that such person be a party to the proceeding. All that is required is that the libeled articles be found in the District, and this limitation upon jurisdiction appears to have been imposed deliberately and not as a result of any inadvertence.

■ § 334(d) provides for the character of decree which a court may enter in a libel proceeding. The goods may be ordered destroyed or disposed of in numerous ways therein provided. It is significant that Congress has made no provisions by which such a decree could be made effective beyond the territory of the District wherein the case was tried. It has been held that under general provisions of law a United States District Court cannot issue process beyond the limits of the District. Robertson v. Railroad Labor Board, 268 U.S. 619, 622, 45 S.Ct. 621, 69 L.Ed. 1119. If this is the law, as we think it is, a trial of the involved actions would be futile in the absence of authority to enter a decree effective against the seized articles located in Missouri.

Petitioner makes an appealing argument that the purpose of § 1404(a) was to relieve hardships incident to the expense and inconvenience occasioned by a litigant being required to try a case far removed from his home or place of business. Undoubtedly such was the purpose of the statute, as was recognized by the Supreme Court in the Collett and National City Lines cases, but even so, such argument is no aid to a solution of the jurisdictional issue with which we are presented. It is an argument which may more appropriately be directed to Congress than to the courts.

There are called to our attention a number of District Court decisions (mostly unpublished) which have taken the same view of the instant question as did the respondent. A well reasoned opinion with which we agree is that of United States v. 23 Gross Jars, etc., 86 F.Supp. 824, 825, in which the court stated: "This libel having been brought under favor of 21 U.S.C.A. § 334, the articles may be condemned 'in any district court of the United States within the jurisdiction of which the article is found'. Since the articles were found in the Western District of Pennsylvania this action only could be commenced in that district. It could not, under Section 334, have been brought in this district. Since this is so and since Section 1404(a) may only be used to transfer actions to districts where they could have been brought,

it follows that section 1404(a) could not be used to transfer this action here."

Petitioner cites a number of cases in support of the proposition that venue may be waived by the parties where the court has jurisdiction of the subject matter. There is no point in citing or discussing such cases for the reason that the subject matter of the involved actions was the seized articles, of which the Indiana court never acquired jurisdiction. Under such circumstances, we are of the view that the parties' consent to venue was without effect.

In our judgment, respondent correctly held that the Indiana court was without jurisdiction and that the remanding order was proper. The relief prayed for is, therefore, denied, and the petition dismissed.