**AILEEN MILLS CO., Inc. and Morgan-Jones, Inc., Plaintiffs,**

v.

**OJAY MILLS, INCORPORATED and Ostow & Jacobs, Inc., Defendants.**

United States District Court
S. D. New York.

Oct. 3, 1960.

See also 181 F.Supp. 208; 188 F. Supp. 138.

132

Burke & Burke, New York City, for plaintiffs, George I. Harris, New York City, of counsel.

Charles Sonnenreich, New York City, for defendants.

LEVET, District Judge.

The plaintiffs, Aileen Mills Co., Inc. (hereinafter called "Aileen") and Morgan-Jones, Inc. (hereinafter called "Morgan"), move to retransfer this action to the United States District Court for the Northern District of Georgia, Rome Division.

This action was originally instituted by these plaintiffs in the said Georgia court on April 15, 1959. Aileen, as patentee, sued for infringement of its U. S. Design Patent. Morgan, in the same action, claimed that it was the exclusive sales agent for Aileen of bedspreads manufactured under this design patent, that such goods had acquired a secondary meaning in the public mind as emanating from Morgan due to Morgan's promotion and, therefore, claimed damages against

Ojay Mills, Incorporated (hereinafter called "Ojay"), because of Ojay's making and selling bedspreads copied from this design, without reference to the design patent.

Aileen is a Delaware corporation, having its principal place of business in North Carolina. Aileen is the owner of a fabric design patent.

Morgan is a New York corporation, having its principal place of business in New York City. It is the exclusive sales agent for Aileen.

Ojay is a Georgia corporation, having a regular and established place of business in Georgia. Ojay makes the bedspreads alleged to infringe the design patent.

Ostow & Jacobs, Inc. (hereinafter called "Ostow") is a New York corporation, doing business, it now appears, in Georgia. Ostow controls and directs Ojay and sells the allegedly offending bedspreads.

Subsequently, Ostow was made a party defendant on June 25, 1959, and on June 30, 1960, the Georgia court refused to quash service upon Ostow but ordered transfer of this action from Georgia to this district. The opinion of the Georgia court, dated June 30, 1960, recites the history of the action in that court. The Georgia court treated this opinion, filed July 1, 1960, as an order and judgment and the file was transferred to New York.

On July 11, 1960, the Georgia court, for some reason, appears to have vacated the order of transfer; then on July 18, 1960, having learned that the file had been transferred (on July 11, 1960), the Georgia court revoked the order of July 11, 1960, and left the order of June 30, 1960, in full force and effect.

The power of the Georgia court to transfer the action to New York depends upon Title 28 U.S.C. § 1404(a), which provides:

"§ 1404. Change of venue.

"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer

any civil action to any other district or division where it might have been brought."

Until the decision by the Supreme Court in Hoffman v. Blaski, 1960, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254, many courts had equated a defendant's motion to transfer to a given state as a consent to be sued in that state and had further equated such consent to a compliance with the requirement of Section 1404(a). This no longer is true. As the Supreme Court declared:

"We agree with the Seventh Circuit that:

" 'If when a suit is commenced, plaintiff has a right to sue in that district, independently of the wishes of defendant, it is a district "where [the action] might have been brought." If he does not have that right, independently of the wishes of defendant, it is not a district "where it might have been brought," and it is immaterial that the defendant subsequently [makes himself subject, by consent, waiver of venue and personal jurisdiction defenses or otherwise, to the jurisdiction of some other forum].' 260 F.2d [317], at 321 and 261 F.2d [467], at 469." 363 U.S. at page 344, 80 S.Ct. at page 1090.

The Supreme Court thus ruled in effect that consent of a defendant, by moving to transfer, did not in itself give jurisdiction in a transferee court; that the defendant must have been originally subject to suit in the transferee district under Section 1404(a) in order to permit such transferee jurisdiction.

Hoffman v. Blaski, supra, was decided on June 13, 1960, more than two weeks prior to the Georgia court's granting of defendants' motion to transfer this action to New York. Counsel for both sides also brought the Blaski case to the attention of the Georgia court. It would be logical to presume, therefore, that in rendering his rulings on the motions before him, Judge Hooper considered all relevant factors affecting their disposi-

tions, including recent judicial precedent, such as the Blaski case. There was certainly ample opportunity for such evaluation.

Moreover, in the order and judgment of July 11, 1960, vacating the order and judgment of June 30, 1960, which had granted the transfer, Judge Hooper failed to indicate any doubts as to the validity of the transfer on the basis of the Blaski decision. At this late date, the Georgia court was certainly aware of the significance of the Blaski holding and its relevance, if any, to the ruling on the transfer motion. Instead, the order and judgment of July 11, 1960, explicitly referred to a prior stipulation between counsel extending the time of both parties to answer or take further proceedings in plaintiff's suit, which the Georgia court apparently misconstrued as an agreement to delay any decisions on the pending motions. It thus sought to vacate its earlier rulings, which attempt, as seen above, was unsuccessful.

 Nonetheless, by reason of Aileen's and Morgan's contention that the action could not have been originally brought in this district, it becomes necessary for the court of this district, it would appear, to consider the motion for retransfer. See Magnetic Engineering & Mfg. Co. v. Dings Mfg. Co., 2 Cir., 1950, 178 F.2d 866; Fettig Canning Co. v. Steckler, 7 Cir., 1951, 188 F.2d 715, certiorari denied 1951, 341 U.S. 951, 71 S.Ct. 1019, 95 L.Ed. 1373.

Plaintiff Aileen's action against Ojay and Ostow is based primarily on an alleged violation of the design patent. Hence, this plaintiff's action is based upon federal law and jurisdiction is predicated upon Title 28 U.S.C. § 1400 (b). Diversity does not exist.

Whether Ojay could have been sued by Aileen in this district depends upon the application of Title 28 U.S.C. § 1400(b), which is as follows:

"§ 1400. Patents and copyrights.

"(b) Any civil action for patent infringement may be brought in the judicial district where the defendant

resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

This statute, the sole and exclusive provision controlling venue in patent infringement actions, is not to be supplemented by the general venue provisions of Title 28 U.S.C. § 1391(c). Fourco Glass Co. v. Transmirra Products Corp., 1957, 353 U.S. 222, 229, 77 S.Ct. 787, 1 L.Ed.2d 786.

Ojay presumably is a citizen only of the state (Georgia) where it was chartered. Bulldog Electric Products Co. v. Cole Electric Products Co., 2 Cir., 1943, 134 F.2d 545, 547. Under the Fourco case, supra, it appears that a corporation is a citizen only of the state of incorporation.

By reason of the background of this motion, this is the antithesis of the usual situation in which the defendant is denying jurisdiction and putting the plaintiff to the proof thereof. Here, the plaintiff denies that the action could have been brought by it against Ojay in New York and by reason of the Hoffman case, supra, it would seem that the burden is upon the defendant Ojay, in order to sustain a transfer, to show that it was subject to suit here.

Thus, it is the obligation of the defendants, rather than the plaintiffs, to show that defendant Ojay committed acts of alleged infringement in this district and that it has a regular and established place of business here.

From the entire record these facts appear:

1. The sole officers and stockholders of both Ostow and Ojay were David Ostow and Morris Jacobs until Jacobs' death in June 1959.

2. Ojay manufactured the bedspreads solely for Ostow as directed by Messrs. Ostow and Jacobs from New York.

3. Orders for the sale of bedspreads were obtained in New York and other states by David Ostow and other salesmen employed by Ostow & Jacobs which maintained a showroom at 22 West 32nd Street, New York City. Orders were deposited at this office, and shipping instructions sent to Ojay. All decisions regarding the manufacture and sale of bedspreads were made in New York by the officers of Ostow.

In Carolyn Chenilles, Inc. v. Ostow & Jacobs, Inc., [Ojay Mills, Inc.] et al., D.C.S.D.N.Y., 1958, 168 F.Supp. 894, Judge Kaufman held, in another patent infringement and unfair competition action involving these defendants, that plaintiff had met the burden of showing that defendants (including Ojay) maintained a regular place of business within this district and, under like sales of bedspreads, committed allegedly infringing acts in the district so as to give this district court jurisdiction of the patent infringement suit and venue of the unfair competition suit.

While that action (Chenilles) did not involve the present plaintiffs and, of course, is not res judicata as against them (however, it may have been used by plaintiffs to defeat the motion to quash in Georgia), admissions of plaintiffs in this action with respect to the facts held by Judge Kaufman are pertinent here.

In the brief of plaintiffs, filed on October 30, 1959, in the Georgia court, in opposition to defendants' motion to quash the service of the summons on Ostow, counsel wrote: "Not only does Carolyn Chenilles, supra, hold that the two defendant corporations are the same, but the affidavit of William Spinks, submitted herein, further establishes this point. [p. 4] * * * While it is true that the present plaintiffs were not parties in the Carolyn Chenilles case, the facts concerning corporate relationships between the individual defendant corporations here are unchanged." (p. 5.)

In the brief of plaintiffs, filed on June 25, 1959, in the Georgia action, in support of their motion to amend the complaint and join Ostow as a defendant, counsel for plaintiffs said: "The case of Carolina Mills [sic] v. Ostow & Jacobs,

Inc., 168 F.Supp. 894, shows the substantial identity of the two defendants Ojay Mills, Incorporated, and Ostow & Jacobs, Inc."

Moreover, the deposition of Mr. Ostow in the Carolyn Chenilles case was submitted to the Georgia court upon the transfer motion there. This deposition is a part of the record in this case, although it came from the Carolyn Chenilles, Inc., file (Civil No. 129–254).

The plaintiffs in this suit contend that Ojay and Ostow did not show that Aileen's action, particularly against Ojay, could have been brought in the New York district on April 15, 1959.

The facts upon which plaintiffs base their contention are as follows:

1. Ojay was incorporated in Georgia. It performed all of its manufacturing operations at its plant at Calhoun, Georgia. The manufacturing of the infringing goods thus did not take place in New York.

2. Ojay, they say, did not maintain a regular and established place of doing business in New York.

Plaintiffs assert that Ojay cannot, in a self-serving declaration, be permitted to say that it maintained a regular and established place of business in New York and committed acts of infringement charged to have occurred at the office of its parent (Ostow) in New York, without giving plaintiffs an opportunity to examine into these facts. In short, plaintiffs object to a "do-it-yourself" piercing by defendants of the corporate veil in order to sustain the transferee jurisdiction.

The position of the defendants in opposing the retransfer is substantially as follows:

1. Ojay is said to be wholly-controlled and owned by the officers of Ostow, who directed all of its activities from Ostow's office in New York, where Ojay's records were kept.

2. The plaintiffs, Aileen and Morgan, in the Georgia court in support of that court's jurisdiction over Ostow, cited the substantial identity of Ojay and Ostow as delineated by Judge Kaufman of the New York court in his decision in the Carolyn Chenilles, Inc. case, supra.

Causes of action for infringement of patent and for unfair competition may be joined. Miller Rubber Co. v. Behrend, 2 Cir., 1917, 242 F. 515; A. C. Gilbert v. Shemitz et al., 1929, D. C.D.Conn., 36 F.2d 410, reversed on other grounds 1930, 2 Cir., 45 F.2d 98.

Where, in support of a single cause of action, two grounds are alleged, one the federal ground of infringement of patent, and another, the non-federal one of unfair competition, the same facts giving rise to both the claim of infringement of patent and the claim of unfair competition, diversity of citizenship is not necessary to support the claim of unfair competition. The federal ground gives the court jurisdiction of the whole cause. Hurn v. Oursler, 1933, 289 U.S. 238, 246, 53 S.Ct. 586, 77 L.Ed. 1148. See also Mitchell & Weber, Inc. v. Williamsbridge Mills, Inc., D.C.S.D.N.Y., 1936, 14 F.Supp. 954, 956; 4 Walker on Patents (Deller's ed.), p. 2685 (1937).

The facts indicate that almost all of Ojay's commercial activities with respect to the infringing bedspreads were manipulated by the officers of Ostow in New York. Ojay's vital public contacts were handled exclusively by Ostow. While the mere mechanical process of manufacturing the bedspreads did take place in Georgia, Ostow's dictation as to the design and quantities of bedspreads to be manufactured, its sole charge of all sales and distribution of Ojay products, the obvious existence of a single business enterprise encompassing Ostow and Ojay in a total identity and interrelation, serve to convince this court that Ojay did maintain a regular place of business in New York and was guilty of conduct, which, if proved, constituted acts of infringement in this district. Ojay, therefore, was subject to suit under Title 28 U.S.C. § 1400(b) in this district on April 15, 1959, when the

plaintiffs commenced their Georgia action.

In view of the adequate facts already before this court, I fail to see what further useful or relevant information could be elicited through the discovery proceedings requested by the plaintiffs. The record is quite clear. This court has jurisdiction over the transfer of plaintiffs' action from Georgia.

I conclude that plaintiffs' motion to retransfer this action to Georgia should be denied.

So ordered.