**AMP INCORPORATED, Plaintiff,**

v.

**ESSEX WIRE CORPORATION,**
**Defendant.**

**Civ. No. 1439.**

United States District Court
N. D. Indiana,
Fort Wayne Division.

Nov. 13, 1963.

Gilmore S. Haynie, of Campbell, Livingston, Dildine & Haynie, Fort Wayne, Ind., Truman S. Safford and William C. Conner, of Curtis, Morris & Safford, New York City, Marshal M. Holcombe and William J. Keating, Harrisburg, Pa., for AMP Incorporated.

L. Paul Albrechta and Frank L. Gallucci, Fort Wayne, Ind., Sheldon W. Witcoff, Bair, Freeman & Molinare, Chicago, Ill., for defendant.

ESCHBACH, District Judge.

■■ The captioned matter is now before the Court on motion of defendant, Essex Wire Corporation, to dismiss the complaint for lack of venue or in the alternative to transfer. This is an action for patent infringement brought by AMP Incorporated, a New Jersey corporation, against Essex Wire Corporation, a Michigan corporation with headquarters in Fort Wayne, Indiana, and a division known as the Terminal Division located in Detroit, Michigan, under provisions of 35 U.S.C.A. § 271, and jurisdiction is conferred upon the Court by 28 U.S.C.A. § 1338. The question presented here is one of proper venue. Normally, the venue of an action involving a corporation is governed by 28 U.S.C.A. § 1391(c), a general venue statute. However, in actions for patent infringement, a special venue statute, 28 U.S.C.A. § 1400(b), is the sole and exclusive provision controlling venue, and it is not to be supplemented by the general provisions of 28 U.S.C.A. § 1391(c). Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed. 2d 786 (1957). Section 1400(b) provides as follows:

> "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

The statute thus allows a patent infringement action to be brought in either of two places—(1) where the defendant resides or (2) where the defendant has

156

committed acts of infringement *and* has a regular place of business. For the purposes of this statute, a corporation resides in the state of its incorporation. Fourco Glass Co. v. Transmirra Products Corp., supra; Mastantuono v. Jacobsen Manufacturing Company, 184 F.Supp. 178 (S.D.N.Y.1960); Aileen Mills Co. Inc. v. Ojay Mills, Incorporated, 192 F. Supp. 131 (S.D.N.Y.1960). Therefore, since the defendant is incorporated in the State of Michigan, an action for patent infringement cannot lie in this judicial district under the first requirement of Section 1400(b).

■ Concerning the second requirement of Section 1400(b), there is no question that the defendant has a regular and established place of business in this judicial district, for its corporate headquarters are located here. Hence, the pivotal question is whether any acts of infringement have been committed here. Acts of infringement are defined in 35 U.S.C.A. § 271(a) as the making, using, or selling of any patented invention without authority therefor. Section 271(b) further provides that whoever actively induces the infringement of a patent shall also be liable as an infringer. The acts of infringement charged by the plaintiff in the instant action are the selling of certain tools, and the acts of inducement to infringe charged by the plaintiff are the giving away of certain of these tools.

It has been clearly established in the record that none of the accused tools have ever been physically present in this judicial district. Plaintiff's contention is, however, that the sales of the accused tools took place in the Northern District of Indiana because, according to plaintiff, the sales were not final until they were approved by the Fort Wayne headquarters of the defendant corporation and that defendant's Terminal Division at Detroit did not have power to bind the defendant unless such approval was made. This Court does not agree. The record discloses that the defendant's sales manager in Detroit had the authority to quote prices to potential customers and that when orders were received, he gave instructions to the shipping department at Detroit for shipping if the item was in stock. Subsequently, a copy of the multiple-copy order form would be forwarded to the accounting department of the Fort Wayne headquarters for bookkeeping purposes. There is nothing to indicate that this was for the approval or disapproval of the sale, but clearly appears to be only a clerical and accounting matter. In view of these facts, the Court concludes that the sales of the tools in question were made in Detroit, Michigan, rather than Fort Wayne, Indiana; hence, no sales were made within this judicial district, which was the act of infringement charged. Under the same reasoning as above, the Court concludes that no inducing acts of infringement occurred within this judicial district, as all of the tools in question were given away by employees of the Detroit Division apparently without need of approval from the Fort Wayne headquarters, and delivery of the gift tools was never made in this judicial district.

■■ Neither of the requirements of § 1400(b) having been met, the Court concludes that proper venue of this action does not lie within this judicial district. The Court may, pursuant to 28 U.S.C.A. § 1406(a), dismiss the action or, if it be in the interest of justice, transfer it to any district or division where it could have been brought. It appearing that plaintiff may be entitled to a determination of its cause of action against the defendant on the merits, the Court deems it to be in the interest of justice to transfer, rather than dismiss, this action. If there is any doubt as to venue, a case should be transferred to a district where venue is not in doubt. Phillips v. Baker, 121 F.2d 752 (9th Cir. 1941); Haight v. Viking Pump Co. of Delaware, 29 F.Supp. 575 (E.D. Wis. 1939). There is no doubt that venue would lie in the Eastern District of Michigan under either provision of § 1400(b). Defendant resides there because it is incorporated in Michigan.

Defendant maintains a regular and established place of business in Detroit, Michigan, and it appears from the record before this Court that the alleged acts of infringement occurred there.

Therefore, in accordance with the above conclusions, the motion of defendant, Essex Wire Corporation, to dismiss should be, and hereby is, denied, and the motion of said defendant to transfer should be, and hereby is, granted.

This action is now ordered transferred to the United States District Court for the Eastern District of Michigan, Southern Division at Detroit, Detroit, Michigan.