**UNITED STATES of America**

**v.**

**AN ARTICLE OF DRUG consisting of the following:**

**1 carton, more or less, containing approximately 74,800 tablets, of an article labeled in part:**

(carton)

"SF #9537 75,000 Tablets Special Formula S.C. Blue S.C. White Each tablet contains: Iodinated Casein ½ gr. * * * Caution: Federal law prohibits * * * Manufactured for Pharma Serve, Inc., Miami, Florida 33142 Control No. 15132"

**1 carton, more or less, containing approximately 88,800 tablets, of an article labeled in part:**

(carton)

"S.F. #9534 100,000 Tablets Special Formula S.C. Tan, S.C. Pink Each tablet contains: Iodinated Casein 0.75 gr. Caution * * * Manufactured for: Pharma Serve, Inc. Miami, Florida 33142 Control No. 16470".

**Civ. A. No. 13106.**

United States District Court
N. D. Georgia,
Atlanta Division.

Dec. 29, 1969.

**1406**

Charles L. Goodson, U. S. Atty., Beverly B. Bates, Asst. U. S. Atty., Atlanta, Ga., for plaintiff.

Royal Flagg Jonas, Miami Beach, Fla., for defendant.

## ORDER

ALBERT J. HENDERSON, Jr., District Judge.

Pharma-Serve Corporation, a Florida corporation, seeks to remove this drug condemnation case to the United States District Court for the Southern District of Florida. It bases its petition for removal on 21 U.S.C. § 334(a) (1), and on 28 U.S.C. § 1404(a), the general removal statute. The court declines to remove the action for reasons which it describes below:

28 U.S.C. § 1404(a) provides as follows:

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division *where it might have been brought.* (emphasis added).

21 U.S.C. § 334(a) (1) (§ 304 of the Federal Food, Drug and Cosmetic Act), provides as follows:

(a) Any article of * * *, drug * * * that is * * * misbranded * * * or which may not, under the provisions of section 354 or 355 [21 U.S.C. § 355] of this title, be introduced into interstate commerce, shall be liable to be proceeded against while in interstate commerce, or at any time thereafter, on libel of information and condemned in any district court of the United States or United States court of a Territory *within the jurisdiction of which the article is found * * *:* *Provided, however,* That no libel for condemnation shall be instituted under this chapter, for any alleged misbranding if there is pending in any court a libel for condemnation proceeding under this chapter based upon the same alleged misbranding, and not more than one such proceeding shall be instituted if no such proceeding is so pending * * * except that such limitations shall not apply * * * (B) when the Secretary has probable cause to believe from facts found, without hearing, by him or any officer or employee of the Department that the misbranded article is dangerous to health, or that the labeling of the misbranded article is fraudulent, or would be in a material respect misleading to the injury or damage of the * * * consumer. *In any case where the number of libel for condemnation proceedings is limited as above provided * * * the claimant may apply to the*

court of the district in which the seizure has been made, and such court * * * shall by order, unless good cause to the contrary is shown, specify a district of reasonable proximity to the claimant's principal place of business, to which the case shall be removed for trial. (emphasis added).

█ The general removal statute, 28 U.S.C. § 1404, specifically provides for the transfer of a case to any other district where it might have been brought. However, a case instituted under the seizure provision of 21 U.S.C. § 334(a), as is indicated by the italicized portion of that statute, can be brought only in the jurisdiction in which the violative articles are found. Aside from the clear language of the statute, a number of cases have so held. *See, e. g.,* Fettig Canning Co. v. Steckler, Judge, 188 F.2d 715 (7th Cir. 1951), cert. denied 341 U.S. 951, 71 S.Ct. 1019, 95 L.Ed. 1373 (1951); United States v. 11 Cases, 94 F.Supp. 925 (D.Or.1950); United States v. 23 Gross Jars, 86 F.Supp. 824 (N.D.Ohio 1949). Because the action was brought here, and because the action against the res in this action could not have been brought elsewhere, the court cannot remove this case under the general removal statute.

█ There remains the question whether the removal provisions of 21 U.S.C. § 334(a) will authorize the removal of this case. § 334(a) provides that only one libel for condemnation proceeding under this Act may be filed, which is " * * * based upon the same alleged misbranding, and not more than one such proceeding shall be instituted if *no such proceeding is so pending* * * *." It further provides that, if others are filed (under certain permissible circumstances), they may be removed. However, an examination of the government's Complaint for Forfeiture reveals that this is not an action for misbranding, under 21 U.S.C. § 352(f) (1). To the contrary, the action arises under 21 U.S.C. § 355, which states, in pertinent part:

(a) No person shall introduce or deliver for introduction into interstate commerce any new drug, unless an approval of an application filed pursuant to subsection (b) is effective with respect to such drug.

As stated above, § 334(a) limits the number of misbranding actions. However, its proviso states no limitation as to actions to condemn unapproved new drugs, under 21 U.S.C. § 355(a).

Because the removal authority of the federal district court is purely statutory, United States v. 11 Cases, *supra,* and because the claimant-libelee is not entitled to removal under the federal removal statutes pursuant to which it has applied for removal, the court concludes that the action may not be removed to the United States District Court for the Southern District of Florida. Therefore, the petition for removal is denied.