UNITED STATES of America, Plaintiff,

v.

An ARTICLE OF DRUG CONSISTING OF 110 CARTONS, MORE OR LESS . . . Labeled in part: "INSTANT TRIM . . ." etc., Defendant.

Civ. A. No. 72–577.

United States District Court, W. D. Pennsylvania.

Sept. 27, 1972.

Richard L. Thornburgh, U. S. Attys., Pittsburgh, Pa., for plaintiff.

Bass & Ullman, New York City, for defendant.

## MEMORANDUM ORDER

SCALERA, District Judge.

This is an in rem proceeding instituted for the purpose of condemning articles of drug labeled "Instant Trim" on grounds that they are misbranded and on grounds that they are a new drug marketed without approval of a new drug application.

Claimant, Dynamic Classics Ltd., a New York corporation with its principal place of business in Fairfield, New Jersey, filed a motion requesting the case be removed to the Southern District of New York, a district of reasonable proximity to claimant's principal place of business. Claimant's position is that this case should be removed because defending the case in the Southern District of New York, which is closer to defendant's principal place of business, would result in considerable savings to claimant and because no burden would be placed upon the United States if the case were removed.

This court provisionally granted the motion unless the United States could show cause why this case should not be removed.

In response to the order to show cause, the government opposes the motion for removal. Conceding this court may in its discretion transfer a proceeding to condemn a drug when the cause of action is based on misbranding alone, the United States contends this court is without power to remove a case where the libel of information charges that the seized article is both misbranded and that it is a new drug.

The jurisdiction of this court is limited to that conferred upon it by Congress. Express statutory authority is required to give a district court authority to remove a case to another jurisdiction. United States v. 74 Cases, etc. Oysters, 55 F.Supp. 745 (W.D.S.C. 1944); Fettig Canning Co. v. Steckler, 188 F.2d 715 (7th Cir. 1951); United States v. 11 Cases, etc. Ido-Pheno-Chon, 94 F.Supp. 925 (D.Or.1950).

We do not have authority under the Food, Drug and Cosmetic Act, 21 U.S.C.A. § 334(a)(1), to remove a case when the libel of condemnation alleges a drug is both misbranded and an unapproved new drug. The Act only provides for removal when a drug is alleged to be misbranded.

. . . Provided, however, That no libel for condemnation shall be instituted under this Chapter, for any alleged misbranding if there is pending in any court a libel for condemnation proceeding under this Chapter based upon the same alleged misbranding, and not more than one such proceeding shall be instituted if no such proceeding is so pending. . . .

In any case where the number of libel for condemnation proceedings is limited as above provided the proceeding pending or instituted shall, on application of the claimant, seasonably made, be removed for trial to any district agreed upon by stipulation between the parties, or, in case of failure to so stipulate within a reasonable time, the claimant may apply to the court of the district in which the seizure has been made, and such court (after giving the United States attorney for such district reasonable notice and opportunity to be heard) shall by order, unless good cause to the contrary is shown, specify a district of reasonable proximity to the claimant's principal place of business, to which the case

shall be removed for trial. 21 U.S.C. A. § 334(a)(1).

It does not provide for removal in actions to condemn unapproved new drugs. United States v. An Article of Drug, 308 F.Supp. 1405 (N.D.Ga.1969).

Nor do we have authority to remove this case under the general venue statute, 28 U.S.C.A. § 1404:

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Actions seeking to condemn articles of food or drug are in rem proceedings which may only be brought in the district where the res which is the subject of the proceedings is actually found and seized, Clinton Foods v. United States, 188 F.2d 289 (4th Cir. 1951); United States v. An Article of Drug, supra, regardless of where it might have been found and seized. Fettig Canning Co. v. Steckler, supra.

This court is without power to remove this case.