**UNITED STATES of America,
Plaintiff,**

v.

**AN ARTICLE OF COSMETIC CONSIST-
ING OF 1,227 PACKAGES,
Defendant.**

**Civ. No. 74–28.**

United States District Court,
D. Oregon.

March 18, 1974.

Sidney I. Lezak, U. S. Atty., Vinita Jo Neal, Asst. U. S. Atty., Portland, Or., for plaintiff.

Hardy Myers, Jr., Dennis Bromka, Rives, Bonyhadi & Drummond, Portland, Or., R. Quincy White, Jr., Jack R. Bier-

21. *Accord,* Taylor v. Commonwealth, 461 S.W.2d 920, 922 (Ky.1970).

ig, Sidley & Austin, Chicago, Ill., for C. E. B. Products, Inc., claimant.

## OPINION

SOLOMON, District Judge:

On January 14, 1974, the United States filed an action to condemn 1,227 packages of "Long Nails" seized at Fred Meyer, Inc., Portland, Oregon, on the grounds that these cosmetics were adulterated within the meaning of 21 U.S.C. § 361(a). The Food and Drug Administration asserts that the product contains a poisonous and deleterious substance, methyl methacrylate.

On January 25, 1974, C.E.B. Products, Inc. (C.E.B.), a Delaware corporation with its principal place of business in the Northern District of Illinois, claimed ownership of the product and moved the court under 28 U.S.C. § 1404(a) to transfer this case to the Northern District of Illinois. C.E.B. asserts that the action could have been brought in the Northern District of Illinois because the product was available there. It also asserts that it will be more convenient to try the case in Illinois where all the witnesses are located.

The government does not deny the convenience of transferring the action, but it alleges that the District Court has no authority to make such a transfer. Clinton Foods v. United States, 188 F.2d 289 (4th Cir. 1951); United States v. 11 Cases, etc., 94 F.Supp. 925 (D.Or.1950); United States v. 74 Cases, etc., 55 F. Supp. 745 (W.D.S.C.1944).

The pertinent statute, 21 U.S.C. § 334(b), provides:

"The article, equipment or other thing proceeded against shall be liable to seizure by process pursuant to the libel, and the procedure in cases under this section shall conform, as nearly as may be, to the procedure in admiralty; except that on demand of either party any issue of fact joined in any such case shall be tried by jury."

The Admiralty Act of 1920 contained no provision for a transfer from one district to another.

In 1948, however, Rule 54 of the Admiralty Rules was amended by adding the following provision:

"The District Court may, in its discretion, transfer the proceedings to any district for the convenience of the parties."

In 1966, Rule 54 was superseded by Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims. Rule F(9) provides in part:

"For the convenience of parties and witnesses, in the interest of justice, the court may transfer the action to any district; if venue is wrongly laid the court shall dismiss or, if it be in the interest of justice, transfer the action to any district in which it could have been brought."

In 1944, when United States v. 74 Cases, etc., *supra*, was decided, the Admiralty Act had no provision for a transfer. This is the case most often cited to support the denial of a transfer. Subsequent cases, decided after the amendments to the Admiralty Act, did not consider the applicability of the Admiralty Act as amended to Section 334(b). *See* United States v. Article of Drug Consist. of 110 Cartons, 349 F. Supp. 603 (W.D.Pa.1972).

The government argues that the "procedure in admiralty" referred to in Section 334(b) means the procedure in effect when the Section was adopted and not the procedure in effect at the time the case arose.

The authorities do not support the government's argument.

In Somermeier v. District Director of Customs, 448 F.2d 1243 (9th Cir. 1971), a California statute permitted importation of alcoholic beverages for personal use to the extent that such beverages were exempt from payment of duty "in accordance with the existing provisions of federal law." The issue before the court was whether the reference in the California statute to "existing provisions of federal law" meant federal law

as it existed in 1955 or federal law as it might be changed. The court held:

"Under California law, when, by statute, reference is made to general law rather than to a specific statute, the adopted laws are taken not only in their contemporary form but also as they may be changed from time to time." *supra* at 1244.

In Professional & Business Men's Life Ins. Co. v. Bankers Life Co., 163 F.Supp. 274 (D.Mont.1958), the same incorporation rule was applied in a case in which one federal statute incorporated another federal statute. The court reasoned:

". . . [W]hen the reference in an adopting statute is to the law generally relating to a particular subject, as distinguished from the adoption of a specific statute, all amendments of the general law on that particular subject become a part of the adopting statute." *supra* at 294.

The general rule was well stated by the Supreme Court of Oregon in Seale v. McKennon, 215 Or. 562, 567, 336 P.2d 340, 345 (1959):

"When a statute adopts by specific reference the provisions of another statute, regulation, or ordinance, such provisions are incorporated in the form in which they exist at the time of the reference, and not as subsequently modified; whereas, where the reference is general, such as a reference to a system or body of laws or to the general law relating to the subject in hand, the referring statute takes the law or laws not only in their contemporary form but also as they may be changed from time to time."

Section 334(b) incorporates the "procedure in admiralty" and not a specific statute, regulation or ordinance. The Section therefore incorporates admiralty law as it has been amended.

Current admiralty practice permits the transfer of an action to any district in which it could have been brought. Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims; Continental Grain Co. v. Barge FBL–585, 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960).

Here, the government concedes that it will be more convenient for the parties and witnesses to have the case tried in Illinois. I find that it will also be in the interest of justice.

The motion to transfer to the Northern District of Illinois is granted.