Corcoran & Kostelanetz, New York City, for plaintiffs, (by Rexford E. Tompkins, New York City).

Alexander & Ash, New York City, for defendant, (by Edward Ash, New York City).

**HINTZ et al. v. AUSTENAL LABORATORIES, Inc.**

**Civ. 12536.**

United States District Court
E. D. New York.
May 12, 1952.

BYERS, District Judge.

This is a defendant's motion to transfer this cause sounding in tort, to the Southern District, upon the ground that venue does not lie in the Eastern District, since the defendant, a New York corporation, has its only place of business in the Borough of Manhattan, Southern District, and none in any county in the Eastern District. That is stated in the affidavit of Soller, the vice-president.

The attorney for the defendant, in his affidavit, recites that jurisdiction is based upon diversity and the amount in controversy; his further statement that it appears from the Soller affidavit that the defendant is not doing business in the Eastern District, is not deemed to be a statement of fact, since there is no such averment by Soller, but rather an advocate's opinion of that which might add "verisimilitude to an otherwise * * *."

I should require strict and convincing proof that any active functioning corporation in the Borough of Manhattan is not doing business in some form or another in any of the three boroughs of the City which are included in this district.

The alleged cause arose in the State of Washington of which the plaintiffs are residents, and answer has not been filed pending decision of this motion.

The defendant's argument is that the Judicial Code, Tit. 28 U.S.C.A. § 1391, sub. (c) controls, and under it the motion must be granted. The section reads:

"§ 1391—Venue Generally:

"(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

Since the defendant is a New York corporation, it cannot be deemed to have been literally "incorporated within this district." Compliance with the General Corporation Law of New York, McK.Consol.Laws, c. 23, § 8, is assumed. The effect thereof is thought to have clothed the defendant with capacity to function, that is, to do business, in every district of the State, within the contemplation of the venue statute. Such was the view of Judge Leibell in Cleverly v. Nelson, 122 N.Y.Law J. No. 17, p. 1, July 26, 1949, in which he pointed out the change effected in such a case from the earlier statute, by the enactment of the provision above quoted, and cited his opinion in Eastman Kodak Co. v. Boyce Motor Lines, D.C., 74 F.Supp. 981, to emphasize the evolution of the law. See also the views expressed in 3 Moore, 2nd Ed., pp. 2137 and 2142.

Since the defendant had the legal capacity as an artificial being, to do business in this district, I do not think its failure to exercise that capacity in the practical sense has been shown, and certainly it cannot be assumed. If any presumptions were to be indulged, they would be to the contrary.

In short, it seems that it was to remove as far as possible artificial concepts in connection with the proper venue in actions involving corporations, that the provisions quoted from Tit. 28 U.S.C.A. § 1391(c) were adopted by Congress, and that they were efficacious to that end.

Motion denied. Settle order.