Anna Bell **MINTER**, Ancillary Administratrix of the Estate of John Saul Minter, a/k/a John S. Minter

v.

**FOWLER & WILLIAMS, INC.** and Nicholas Marotta.

Civ. A. No. 29170.

United States District Court
E. D. Pennsylvania.

June 1, 1961.

William Brodsky, Philadelphia, Pa., for plaintiff.

Howard R. Detweiler, Philadelphia, Pa., for defendants.

WOOD, District Judge.

The defendant, Nicholas Marotta, has moved to dismiss the plaintiff's action against him on the ground that venue is improper in the Eastern District of Pennsylvania. The motion involves statutory construction of the venue provisions of the Judicial Code (28 U.S.C. A. §§ 1391 and 1392). The pertinent provisions thereof read as follows:

"§ 1391. Venue generally

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside."

\* \* \* \* \* \*

"(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

"§ 1392. Defendants \* \* \* in different districts in same State

"(a) Any civil action, not of a local nature, against defendants re-

siding in different districts in the same State, may be brought in any of such districts."

The plaintiff is a citizen and resident of the State of Connecticut. Defendant Marotta resides in the Middle District of Pennsylvania. According to the allegations of the complaint, defendant Fowler & Williams, Inc., is a Pennsylvania corporation, having a place of business in Philadelphia and doing business in the Eastern District of Pennsylvania.

The defendant Marotta contends that the only proper venue is in the Middle District of Pennsylvania. The general venue statute permits suit to be brought only in the judicial district where all defendants reside, and both the defendant Marotta and the corporate defendant "reside" in the Middle District. It is argued that the corporate defendant "resides" in the Middle District because it is a Pennsylvania corporation and because § 1391(c) provides that the judicial district in which a corporation is incorporated shall be regarded as the residence of that corporation for venue purposes. Defendant Marotta contends that § 1392(a) does not apply because he and the corporate defendant are not "defendants residing in different districts;" they both "reside" in the Middle District of Pennsylvania.

The plaintiff relies upon § 1392(a). Fowler & Williams, Inc., being a Pennsylvania corporation, "resides" in the Eastern District of Pennsylvania, as well as in all other districts of this Commonwealth for the purposes of the venue statutes, according to § 1391(c). Fowler & Williams, Inc., being a resident of the Eastern District, and Nicholas Marotta, being a resident of the Middle District, plaintiff contends that the defendants are residents of "different districts in the same State" within the

meaning of § 1392(a). It follows that venue is proper in *any* district within the Commonwealth.

We agree with the plaintiff. In a recent opinion by our colleague Senior Judge Welsh, the question of the propriety of venue in the Eastern District of Pennsylvania was presented. In that case the plaintiff was a resident of New Jersey and the two corporate defendants were Pennsylvania corporations, one doing business in the Middle District only and one doing business in both the Middle and Eastern Districts. Judge Welsh held that venue was proper not only in the Eastern District but also in all districts within the Commonwealth of Pennsylvania. He reached this result by reading § 1391(c) to mean that a corporation may be sued in, and shall be regarded as residing in, *any judicial district* in the state in which it was incorporated. See Johnstone v. York County Gas Co. and Rockwell Manufacturing Co., D.C., 193 F.Supp. 709, Opinion by Judge Welsh filed May 5, 1961.[1] We think that Judge Welsh's interpretation of § 1391(c) is the most logical interpretation. Following his reasoning, we reach the conclusion in the case at bar that venue would be proper in any district within the Commonwealth of Pennsylvania. The defendant Fowler & Williams, Inc., "resides" in all districts as a Pennsylvania corporation. Section 1392(a) permits suit in any district so long as *one* of the defendants resides therein.[2]

For the above reasons, we enter the following Order:

### Order

And now, to wit, this 1st day of June, 1961, it is ordered that the defendant Nicholas Marotta's motion to dismiss the complaint for improper venue is hereby denied.

1. Cf. Jacobson v. Indianapolis Power & Light Co. (and Smith & Johnson, Inc.), D.C.N.D.Ind.1958, 163 F.Supp. 218.

2. As to the applicability of § 1392(a) in this type of situation, compare views *contra* in Johnson v. Coon Construc-

tion Co., Inc. and U. G. I., et al. (not reported, C.A. No. 27246, March 18, 1960); Hawks v. Maryland & Pennsylvania R. Co., D.C.E.D.Pa.1950, 90 F.Supp. 284; Suttle v. Reich Bros. Construction Co. et al., 1948, 333 U.S. 163, 68 S.Ct. 587, 92 L.Ed. 614.