Florence R. DE GEORGE, Administratrix
of the Estate of Ann Marie Minning,
deceased

v.

MANDATA POULTRY COMPANY and
Ray P. Zimmerman.

Civ. A. No. 28838.

United States District Court
E. D. Pennsylvania.

June 9, 1961.

On Motion for Reargument
Aug. 24, 1961.

D'Agui & Del Collo, by Don F. D'Agui, Philadelphia, Pa., for plaintiff.

Krusen, Evans & Byrne, by T. E. Byrne, Jr., Philadelphia, Pa., for defendants.

WOOD, District Judge.

The defendants have moved to dismiss the plaintiff's complaint on the grounds 1) that the defendant Zimmerman was not validly served with process, and the Court therefore has not obtained personal jurisdiction over him; and 2) that venue was improperly laid in the Eastern District of Pennsylvania. The plaintiff has moved the Court to transfer this action to the Middle District of Pennsylvania instead of dismissing it, contending that the service of process upon the defendants was valid, but admitting that venue in the Eastern District was improperly laid.

### I.   Re Validity of Service of Process

The defendant Zimmerman filed an affidavit stating that service was attempted upon him by the delivery of a copy of the summons and complaint to his sixteen-year-old daughter at his residence in the Middle District of Pennsylvania. The purported service was made by a marshal from the Eastern District of Pennsylvania. Defendant Zimmerman contends that the sixteen-year-old girl was not a proper person to receive the summons and complaint, and the marshal from the Eastern District had no authority to serve a resident of the Middle District. We think that neither contention is correct.

■ Rule 4(d) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides in pertinent part as follows:

"Service shall be made as follows:

(1) Upon an individual * * * by delivering a copy of the summons and complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode *with some person of suitable age and discretion then residing therein * * *.*" (Emphasis supplied.)

The first question presented by the defendant Zimmerman's argument is whether a sixteen-year-old girl is "per se" a person of unsuitable age and discretion for the purpose of receiving process. Professor Moore points out that under old Equity Rule 13, delivery had to be made to "some *adult* person who is a member of or resident in the family;" whereas Rule 4 permits delivery to be made to someone who is not an adult, but is of suitable age and discretion. Moore's Federal Practice, Vol. 2, p. 930. We see no reason for finding that this sixteen-year-old girl was not a person qualified to receive process under Rule 4, particularly in light of the fact that the rule has been changed so that the person receiving the process need not be an adult.

■ The second question presented by the defendant Zimmerman's argument is whether the marshal from the Eastern District could validly cross over into the Middle District of Pennsylvania and there deliver the summons and complaint.

Rule 4(c) provides in part as follows:

"Service of all process shall be made by *a* United States marshal,

by his deputy, or by some person specially appointed by the court * * *." (Emphasis supplied.)

Professor Moore states:

"It should be noted that Rule 4(c) provides that service of all process shall be made by *a* United States marshal. It does not provide for service by *the* marshal or, as in former Equity Rule 15 * * * 'the marshal of the district.' The drafting of Rule 4(c) in respect of this particular matter is highly significant * * *. In any event, the statute, by eliminating the words 'throughout the district,' makes it clear that the marshal may serve the process of the court of his district beyond the territorial limits of such district * * *." (Moore's Federal Practice, Vol. 2, pp. 919 and 920.

A marshal from the Eastern District of Pennsylvania may therefore serve a summons and complaint in any district within the Commonwealth of Pennsylvania. Such service is clearly contemplated by Rule 4(c), particularly when read in conjunction with Rule 4(f) which provides:

"All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held * * *."

We hold that service in the Middle District by a marshal from the Eastern District by leaving a copy of the summons and complaint with the defendant Zimmerman's sixteen-year-old daughter at the defendant's residence was proper and valid service upon Zimmerman, and that consequently, this Court obtained and has jurisdiction over the person of Zimmerman.

## II. Re Propriety of Venue in Eastern District of Pennsylvania

█ The complaint alleges that the defendant Mandata Poultry Company is a Pennsylvania corporation. Nothing to the contrary appearing in the record, we will assume that to be a fact for the purpose of deciding the defendants' motion to dismiss for improper venue. The defendant, Ray Zimmerman, has filed an affidavit stating that he resides in the Middle District of Pennsylvania. The defendant, Mandata Poultry Company, states in its brief that it also "resides" in the Middle District of Pennsylvania. Therefore, contend the defendants, venue is improperly laid in the Eastern District because the general venue statute provides that venue is proper only in the district where *all* defendants reside.[1] Since both defendants "reside" in the Middle District, according to the statements in the defendants' brief, venue is improperly laid here in the Eastern District.

We note first that the defendant, Mandata Poultry Company, has provided us with no facts to support the bare assertion in its brief that it "resides" in the Middle District of Pennsylvania and in no other district. However, under the view we take of the venue provisions of the Judicial Code, it is not necessary for the present purposes to know in which judicial districts the defendant corporation has offices or does business. Section 1391(c) of Title 28 of the United States Code provides that a corporation may be sued in, and shall be deemed as residing in, *any judicial district in which it is incorporated.*[2] Our colleague Senior Judge Welsh has construed this section to mean that in a state which has more than one judicial district, a corporation organized

---

1. Section 1391 of Title 28 of the United States Code provides in pertinent part as follows: "§ 1391. Venue generally. (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside."

2. Section 1391(c) of Title 28 of the United States Code provides: "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

under the laws of such state may be sued in *any* judicial district within such state, regardless of the districts in which it may or may not have offices or be doing business. We followed Judge Welsh's interpretation of the statute in the case of Minter v. Fowler & Williams, Inc. and Marotta, D.C., 194 F.Supp. 660. Therefore, we think that the defendant, Mandata Poultry Company, being a Pennsylvania corporation, is amenable to suit in any district in Pennsylvania and "resides" in every district in Pennsylvania for the purpose of laying venue.

It follows that the Mandata Poultry Company is a resident of the Eastern District of Pennsylvania. Since the defendant Zimmerman is a resident of the Middle District of Pennsylvania, it can be said that the defendants reside within different districts within the same state. Section 1392 of Title 28 of the United States Code provides that any civil action against defendants residing in different districts in the same state may be brought in *any* of such districts.[3] Although there have been expressions of judicial opinion to the contrary,[4] we have held that § 1392 applies in the situation in which one defendant is a corporation of a multi-district state, and one defendant is an individual residing in that state, so that venue is proper in any district within that state.[5] Applying that principle to the case at bar, we hold that venue is proper in the Eastern District of Pennsylvania.

As we pointed out above, the plaintiff, believing that venue was improperly laid in the Eastern District of Pennsylvania, moved the Court to transfer the case to the Middle District,[6] rather than dismiss it. No facts were furnished in plaintiff's brief, however, which would enable us to weigh the convenience to the parties in trying the case in the Middle District rather than in the Eastern District. Furthermore, we do not know if the defendants, now that we have held that there is jurisdiction and proper venue in the District Court for the Eastern District, would oppose or would desire such a transfer. We surmise, from the little information available in the record, that both sides would be amenable to the transfer—in light of our present ruling on the motion to dismiss. We will deny the motion to transfer for the present; without prejudice, however, to any of the parties who wish to renew the motion and accompany that motion with sufficient facts to enable us to determine whether trial of the case in the Middle District would be in the interests of justice. If the parties can stipulate to a transfer, the Court will enter the Order accordingly without further briefs or argument.

### Order

And now, to wit, this 9th day of June, 1961, it is ordered that the defendants' motion to dismiss the plaintiff's complaint is hereby denied. Plaintiff's motion to transfer is hereby denied, without prejudice, and may be renewed at any time in the future.

### On Motion for Reargument

This issue arises on a motion for reargument following our Opinion in Civil Action No. 28838, dated June 9, 1961, wherein we held that the corporate defendant Mandata Poultry Company, being a Pennsylvania corporation, is amenable to suit in any District in Pennsylvania and "resides" in every District in

---

3. Section 1392 of Title 28 of the United States Code provides: "Defendants * * * in different districts in same state

   "(a) Any civil action, not of a local nature, against defendants residing in different districts in the same State, may be brought in any of such districts."

4. See cases cited in our Opinion in Minter v. Fowler & Williams, Inc. and Marotta,

supra, at footnote 2, page 661 of 194 F.Supp.

5. Minter v. Fowler & Williams, Inc. and Marotta, supra.

6. Although the plaintiff did not make a formal motion to transfer, counsel did request the Court in his brief to transfer the case. Accordingly, we regarded this request as if a motion had been made.

Pennsylvania for the purpose of laying venue.

Although the plaintiff was amenable to transfer under Section 1406(a) of Title 28 of the United States Code, we declined to avoid the issue by transferring the matter to the Middle District where, admittedly, the individual defendant Zimmerman resided.

■ Following our Opinion in that case, counsel for the defendants filed a motion averring that legal questions arising under Sections 1391(a) and 1392(a) of Title 28 of the United States Code had not been briefed by them and they wished an opportunity to further argue in opposition to the above decision. This we granted because we recognized that our decision was contrary to the holding in Jacobson v. Indianapolis Power & Light Co., D.C.1958, 163 F.Supp. 218, and, to some extent, to the decision by former members of this Court. At the outset, we do not retract from our opinion in that case as to corporate residence. The reargument did, however, point up another and more complicated question which, we believe, requires a definitive answer, particularly since the question seems to arise with considerable frequency. The final question is, under the facts of this case, assuming we are correct in our ruling that the corporate defendant is a resident of all Districts of Pennsylvania, when does Section 1391 (a) apply and when does Section 1392(a) apply as to venue in a transitory action based on diversity of citizenship?

The factual situation we have before us is that the defendant Zimmerman is a resident of the Middle District of Pennsylvania and the corporate defendant is a resident of both the Eastern and Middle Districts of Pennsylvania.

Section 1391(a) provides:

"A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside."

and Section 1392(a) provides:

"Any civil action, not of a local nature, against defendants residing in different districts in the same State, may be brought in any of such districts."

Defendant argues that only Section 1391(a) applies since both defendants resided in the Middle District but both defendants do not reside in the Eastern District.

We have searched the records carefully and have taken into consideration all of the cases cited by plaintiff and defendants, but have been unable to find a definite ruling on this precise situation. A summary of the cases cited in United States Code Annotated under the specific statutory provisions leads to the final, inescapable conclusions:

1. Venue statutes are prescribed by Congress;

■ 2. Venue is a privilege which may be waived by either party; and

■ 3. The broad general principle, and in the absence of statutory prohibition, is that a litigant may choose his own forum.

■ The provisions of these sections are not intended to affect the subject matter jurisdiction but are designed for the practical convenience of the litigants. Davis v. Smith, 3 Cir., 1958, 253 F.2d 286. The Supreme Court has said in Olberding v. Illinois Central R. Co., 1953, 346 U.S. 338, 74 S.Ct. 83, 85, 98 L.Ed. 39:

"The requirement of venue is specific and unambiguous; it is not one of those vague principles which, in the interest of some overriding policy, is to be given a 'liberal' construction." [Referring to § 1391 (a).]

The problem, however, which is not answered by that case and was decided on other grounds is that while Section 1391 (a) makes provision for a situation where all plaintiffs or all defendants reside in one district it does not cover the situation where they do not all reside in one district, whereas Section 1392

(a) refers specifically to that problem. In Melvin Lloyd Co. v. Stonite Products Co., 3 Cir., 1941, 119 F.2d 883, 887, Judge Maris stated:

"We have seen that the subject matter of the two sections [not referring to these specific sections, however] is distinct. Under these circumstances each should be given full effect if possible. In a broad sense, of course, each deals with the general problem of venue. If in this sense the sections may be deemed in pari materia they should be construed in harmony with each other so as to give effect to each, if reasonably possible." (Insert in brackets ours.)

That case dealt with the applicability of the venue statutes to patent and infringement cases but the principle of law as stated by Judge Maris we think is applicable here.

■■ Obviously, Section 1392(a) follows Section 1391(a) and the reasonable interpretation of that situation would be that § 1392(a) was to cover those situations not covered by § 1391(a) and we conclude that § 1391(a) covers only those situations where all plaintiffs or all defendants live in a single judicial district. Were this not so, § 1392(a) would apply only to "local" actions and the inference is clearly drawn in Miller & Lux, Inc. v. Nickel, D.C.1957, 149 F.Supp. 463, with which we agree, that unless the action is local it may be brought under the provisions of § 1392(a). Where they are residents within the same state the action may be brought in any district in which they reside.

■ Counsel for defendants are convinced with the propriety of their position and have requested certification. Recognizing that on the question of the residence of the corporation, an important legal question arises on which there is a strong difference of opinion, as well as the possible conflict between the provisions of §§ 1391(a) and 1392(a), there is justification for certification of this matter under the provisions of Section 1292(b) of Title 28 of the United States Code. On these two specific issues, the Court is of the opinion that the matter does involve a controlling question of law and that there is substantial ground for difference of opinion and, further, that an immediate appeal from the order may materially advance the ultimate determination of the litigation involved.

■ We, therefore, reaffirm our decision and deny transfer on the ground of improper venue as provided in Section 1406(a) of Title 28 of the United States Code. Defendant has also asked us to transfer to the Middle District for the convenience of the parties and in the interests of justice as provided in Section 1404(a) of Title 28 of the United States Code. The record fails completely to show any facts which would move the Court to grant this motion. On the contrary, convenience would indicate that the case should be tried in the Eastern District and, parenthetically, we would add, notwithstanding defendants' argument, there is absolutely no evidence of "hardship" as a result of our ruling relative to residence and venue.

### Order

And now, to wit, this 24th day of August, 1961, it is hereby ordered that the motion of the defendants to transfer under the provisions of Sections 1404(a) and 1406(a) of Title 28 of the United States Code is denied.

The issue of residence of the corporation and interpretation of Sections 1391(a) and 1392(a) of Title 28 of the United States Code is certified to the United States Court of Appeals for the Third Circuit under the provisions of Section 1292(b) of Title 28 of the United States Code.