338 F.2d 943
 VANCE TRUCKING COMPANY, Inc., and Allstate Insurance
Company, Appellants,
v.
CANAL INSURANCE COMPANY, Forrester Trucking Company, Inc.,
Herbert FrancisCarson, Scott Carson, Susan Carson, David
Carson, Christopher Carson, andRobert H. Carson,
Administrator of the Estate of Annie Barbara Carson,
Deceased, Appellees.
 No. 9513.
 United States Court of Appeals Fourth Circuit.
 Argued Oct. 1, 1964.
Decided Nov. 20, 1964.
 
 O. G. Calhoun, Jr., Greenville, S.C. (W. Francis Marion, Greenville, S.C., on brief), for appellants.
 O. Doyle Martin, Belton, S.C. (Wesley M. Walker, J. D. Todd, Jr., and Leatherwood, Walker, Todd & Mann, Greenville, S.C., on brief), for appellees.
 Before SOBELOFF, Chief Judge, and BOREMAN and J. SPENCER BELL, Circuit judges.
 SOBELOFF, Chief Judge.
 
 
 1
 Plaintiffs' suit for a declaratory judgment having been dismissed for lack of venue, they prosecute this appeal.
 
 
 2
 On October 4, 1962, near Sumter, South Carolina, a car driven by Herbert F. Carson was in collision with a truck owned by one of the defendants, Forrester Trucking Co. Carson and his four children were injured; his wife, Annie Carson, was killed. Three suits have arisen from this accident. The first was brought in February, 1963, by Robert Carson, administrator of the estate of Annie Carson, in the United States District Court for the Western District of South Carolina. The cause of action was wrongful death and the defendants were Forrester, the owner of the truck, and Vance Trucking Co., the alleged lessee of the truck at the time of the accident.
 
 
 3
 The second suit was brought in May, 1963, by Forrester's insurer, Canal Insurance Co., in a South Carolina state court. Canal sought a declaratory judgment against Forrester and Vance's insurer, Allstate Insurance Co. In April, 1964, the jury in this state case decided in answer to interrogatories that both the lessor and lessee trucking companies were 'responsible' for the truck at the time of the accident. No decision has been made as to which insurance company is primarily liable.
 
 
 4
 In June, 1963, the present action was instituted by Allstate and Vance against Canal, Forrester, and the tort claimants for a declaratory judgment of the respective rights and duties of the various parties. Canal and Forrester moved to dismiss on the sole ground that venue as laid was improper since the civil action was not brought in the district where all the plaintiffs or all the defendants reside as is required by 28 U.S.C.A. 1391(a). The District Court granted this motion and dismissed the case.
 
 
 5
 Venue requirements are clearly satisfied with respect to defendant Canal which has its principal place of business in the Western District and is incorporated in South Carolina.
 
 
 6
 Defendant Forrester has its principal place of business in the Eastern District and is incorporated in the state of South Carolina. Forrester maintains that for venue purposes it is a resident of the Eastern District only, since it has its principal place of business there. The correctness of this position is questionable since several courts have indicated that, for venue purposes, a corporation is a resident of all the districts in a state in which it is incorporated or licensed to do business. De George v. Mandata Poultry Co., 196 F.Supp. 192 (E.D.Pa.1961); Minter v. Fowler & Williams, Inc., 194 F.Supp. 660 (E.D.Pa.1961); Johnstone v. York County Gas Co., 193 F.Supp. 709 (E.D.Pa.1961); Garbe v. Humiston-Keeling & Co., 143 F.Supp. 776 (E.D.Ill.1956); Hintz v. Austenal Laboratories, Inc., 105 F.Supp. 187 (E.D.N.Y.1952).
 
 
 7
 It is unnecessary for us to determine the total number of Forrester's possible residences since it concedes that it is doing business in and is therefore a resident of the Eastern District of South Carolina. The venue is proper as to Forrester and Canal in either district of South Carolina under the provisions of 28 U.S.C.A. 1392(a), which provides that 'any civil action, not of a local nature, against defendants residing in different districts in the same State, may be brought in any of such districts.'
 
 
 8
 These two defendants protest that even if venue is otherwise adequate as to them it is made inadequate by the joinder of Robert Carson, a Georgia resident, as a defendant. The short answer is that the defense of inadequate venue as to Robert Carson is personal to him and may not be raised by anyone else. Camp v. Gress, 250 U.S. 308, 39 S.Ct. 478, 63 L.Ed. 997 (1919); Schoen v. Mountain Producers Corp., 170 F.2d 707 (3rd Cir. 1948), cert. denied, 336 U.S. 937, 69 S.Ct. 746, 93 L.Ed. 1095 (1949); 1 Moore, Federal Practice, 0.140(1.-2) (1960). Venue is a doctrine of convenience and is not jurisdictional, and since the protesting parties are not inconvenienced by Carson's nonresidence, they cannot complain that the requirements of the venue statute are not satisfied as to him.
 
 
 9
 Finally, the defendants ask us to affirm the dismissal because the action lacks the justiciability required by the Declaratory Judgments Act,28 U.S.C.A. 2201 et seq. This question was not raised in the motion to dismiss and it was therefore not considered by the District Court. We do not decide the merits of this defense. It may, however, be raised before the District Court on remand. Nortown Steel Supply Co. v. Northern Ind. Steel Supply Co., 315 F.2d 789 (7th Cir. 1963).
 
 
 10
 Reversed and remanded.