Laura **BAKSAY**, as Executrix of the Estate of Louis Baksay, Deceased, Plaintiff,

v.

**RENSELLEAR POLYTECH INSTITUTE**, Defendant.

No. 68 Civ. 157.

United States District Court S. D. New York.

March 27, 1968.

Harry H. Lipsig, New York City, for plaintiff; David Blatt, Brooklyn, N. Y., of counsel.

Reilly & Reilly, New York City, for defendant; James McAllister, Brooklyn, N. Y., of counsel.

## OPINION

HERLANDS, District Judge:

Defendant moves, pursuant to 28 U.S. C.A. § 1404(a)*, to transfer this action to the United States District Court for the Northern District of New York on the grounds (1) that venue is improperly placed in the Southern District of New York and (2) that such transfer is for the convenience of the parties and witnesses and in the interest of justice.

Plaintiff, a resident of Connecticut, commenced this action against defendant, a New York corporation, on January 22, 1968, seeking money damages for personal injuries and wrongful death. Jurisdiction is predicated on diversity of citizenship.

On June 9, 1967, Louis Baksay (plaintiff's testate) was injured when he fell from a grandstand on defendant's premises, while watching his son's college graduation. As a result of these injuries, Louis Baksay died on June 12, 1967. Plaintiff's complaint alleges that the accident was due solely to the negligence of the defendant.

### I

Defendant seeks to transfer this action to the Northern District of New York chiefly on the ground that venue as placed is improper since the action was not brought in the judicial district where all the defendants or all the plaintiffs reside, as required by 28 U.S.C.A. § 1391(a). The plaintiff is a resident of Westport, Connecticut and is, therefore, not a resident of the Southern District of New York. The question is whether the defendant, a New York corporation located in Troy, New York (part of the Northern District of New York), is considered a resident of the Southern District of New York for the purpose of the federal venue statute.

28 U.S.C.A. § 1391(c)—the statutory section central to the disposition of this branch of defendant's motion—provides:

> "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business and such judicial district shall be regarded as the residence of such corporation for venue purposes."

---

* 28 U.S.C.A. § 1404(a) provides:
  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

On its face, the statute seemingly allows a corporation to be sued in any district in the state in which it is incorporated. However, the authorities which have interpreted this section are divided. One group holds that, for purposes of the federal venue statute, a domestic corporation may be sued only in the judicial district where it has its principal place of business. Joscar Co. v. Consolidated Sun Ray, Inc., 212 F.Supp. 634, 638 (E.D.N.Y.1963); Westerman v. Grow, 198 F.Supp. 307, 308 (S.D.N.Y.1961); Johnson v. B. G. Coon Construction Co., 195 F.Supp. 197, 198 (E.D.Pa.1960); Sawyer v. Soaring Society of America, Inc., 180 F.Supp. 209 (S.D.N.Y.1960); Jacobson v. Indianapolis Power & Light Co., 163 F.Supp. 218, 220 (N.D.Ind. 1958). See also 1 Moore, Federal Practice ¶ 0.142 [5.–3], p. 1496 (2d ed. 1964). These cases apparently conclude that the adoption of 28 U.S.C.A. § 1391(c) in 1948 did not materially change the pre-existing rule of venue that a domestic corporation could be sued only in the judicial district where it maintained its principal office and engaged in its general corporate business.

On the other hand, there is substantial authority for the proposition that a domestic corporation may be sued in any district in the state of its incorporation. Carson v. Vance Trucking Lines, Inc., 245 F.Supp. 13, 15–16 (W.D.So.Car. 1965); DeGeorge v. Mandata Poultry Co., 196 F.Supp. 192, 195 (E.D.Pa.1961); Minter v. Fowler & Williams, Inc., 194 F.Supp. 660, 661 (E.D.Pa.1961); Johnstone v. York County Gas Co., 193 F. Supp. 709, 711 (E.D.Pa.1961); Garbe v. Huminston-Keeling & Co., 143 F.Supp. 776, 778–779 (E.D.Ill.1956), rev'd on other grounds 242 F.2d 923 (7th Cir. 1957); Hintz v. Austenal Laboratories, Inc., 105 F.Supp. 187, 188 (E.D.N.Y. 1952). See also 1 Barron & Holtzoff, Federal Practice and Procedure, § 80, p. 386 (Wright ed. 1960). Cf. Vance Trucking Co., Inc. v. Canal Insurance Co., 338 F.2d 943, 944 (4th Cir. 1964) (Sobeloff, C. J.).

■ After comprehensive consideration of the statute and case law, this Court holds that, for venue purposes, a domestic corporation is a resident of every judicial district in the state of its incorporation. Because the defendant, Rensellear Polytech Institute, is a New York corporation, it is subject to suit in the Southern District of New York.

The Court's conclusion is based on the plain and unambiguous statutory language of 28 U.S.C.A. § 1391(c), which provides that "a corporation may be sued in any judicial district in which it is incorporated * * *." Incorporation is effected by the state and not by the judicial district; and the corporation is licensed to transact business throughout the entire state. Every corporation is incorporated in every judicial district of the state of incorporation, regardless of the situs of its principal place of business. As 1 Barron & Holtzoff, Federal Practice and Procedure, § 80, p. 386 (Wright ed. 1960) points out:

> "Congress took the next long step by enacting into law the provision that 'a corporation may be sued in any judicial district in which it is licensed to do business * * *.' Presumably if the state of incorporation has more than one district a corporation may be sued in any district thereof on the theory that it is 'licensed to do business' throughout the whole state."

## II

Defendant also seeks to transfer this action to the Northern District of New York on the grounds that (1) it would be more convenient to the defendant; (2) it would be more convenient for witnesses; and (3) it is the district wherein the accident occurred.

■■ Unless the balance of convenience is clearly in favor of the defendant, the traditional right of the plaintiff to choose the forum should not be disturbed. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); Ford Motor Co. v. Ryan, 182 F.2d 329 (2d Cir.), cert. denied, 340

U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624 (1950). The defendant "must make a clear-cut showing that when all the interests are considered, trial would more conveniently proceed and the interests of justice would be better served in the other district." Peyser v. General Motors Corp., 158 F.Supp. 526, 529 (S.D.N.Y.1958).

In deciding a motion for transfer under 28 U.S.C.A. § 1404(a), it is necessary for the court to "make a reasonable appraisal between conflicting factors that admit of no quantitative measure. In the last analysis, the problem is one of particularized judgment." Securities and Exchange Comm'n v. Golconda Mining Co., 246 F.Supp. 54, 57 (S.D.N.Y. 1965), petition for writ of mandamus denied, sub nom. Golconda Mining Corp. v. Herlands, 365 F.2d 856 (2d Cir. 1966).

In the present case, the defendant has failed to make the "clear-cut showing" required to justify transfer. Aside from conclusory allegations of inconvenience, the defendant has not shown how it would, in fact, be inconvenienced were this case to be tried in the Southern District of New York.

Nor has the defendant shown that witnesses would be inconvenienced if transfer was not effected. The defendant has not specified what witnesses, if any, might be unable to attend the trial, what testimony they would be expected to provide and how relevant and necessary is their testimony. A mere statement that witnesses would be inconvenienced if trial were held in the Southern District of New York is plainly insufficient. Peyser v. General Motors Corp., supra 158 F.Supp. at 529; Schmidt v. American Flyers Airline Corp., 260 F.Supp. 813, 814 (S.D.N.Y.1966).

Finally, the defendant has not given any indication why it is necessary or desirable for the trial to be held in the judicial district where the accident occurred.

The defendant's motion to transfer this action to the Northern District of New York is denied. So ordered.