**HYDRO–CLEAR CORPORATION,**
Plaintiff,

v.

**AER–O–FLO CORPORATION,**
Defendant.

No. C 69–748.

United States District Court,
N. D. Ohio, E. D.

March 31, 1970.

James H. Tilberry, Robert V. Vickers, Barry L. Springel, Meyer, Tilberry & Body, Cleveland, Ohio, for plaintiff.

Robert G. McCreary, Jr., Cleveland, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

LAMBROS, District Judge.

In this motion to dismiss for improper venue of the defendant, Aer-O-Flo Corporation, the basic issue is whether a corporation resides in all the judicial districts of the state of its incorporation for purposes of venue under the venue statute for patent infringement actions. The applicable statute reads as follows:

> "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

The defendant and the plaintiff, Hydro-Clear Corporation, have properly noted that the statute reads in the disjunctive—that is, venue is proper in a patent infringement case in the district (1) where the defendant resides or (2) where the defendant has committed acts of infringement and has a regular and established place of business. Both parties agree, either explicitly or implicitly, that the latter provision of the venue statute is inapplicable since the defendant does not have a regular and established place of business and has not committed acts of infringement in this district. On the other hand, both parties disagree on whether the defendant resides, for purposes of this venue statute, in this judicial district. The defendant argues that since it has no employees and no place of business in the Northern District of Ohio, it does not reside in that district. Rather, since it has a registered agent for service of process in Cincinnati, Ohio, it resides in the Southern District of Ohio which includes Cincinnati, Ohio. The plaintiff, on the other hand, alleges that the defendant, being incorporated in the State of Ohio, resides in all the judicial districts of that state. The plaintiff does not cite any case which holds that for purposes of the venue statute in patent infringement cases, a corporation is considered to be a resident of all the judicial districts of the state of its incorporation. Instead, the plaintiff cites cases which have interpreted the residency requirement of a corporation in a multi-district state under other venue statutes, primarily under the general venue statute 28 U.S.C. § 1391(c).[1] Plaintiff, in turn, contends that the Court should apply these cases analogously to the present case.

Upon consideration of the defendant's motion, the Court finds that venue is improperly lodged in this district, the Northern District of Ohio. Venue properly lies in the Southern District of Ohio wherein the defendant, according to its articles of incorporation, has its principal office in the State of Ohio. In so holding, the Court does not adopt the argument of the plaintiff that the Court should apply by analogy the cases, interpreting other venue provisions, which hold that a corporation resides in all of the judicial districts of

---

1. This section reads as follows:
"A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes. 28 U.S.C. § 1391(c).

the state of its incorporation. See, *e. g.,* Baksay v. Rensellear Polytech Institute, 281 F.Supp. 1007 (S.D.N.Y.1968); Minter v. Fowler & Williams Inc., 194 F. Supp. 660 (E.D.Pa.1961). The cases which the plaintiff cites basically interpret the general venue provision with respect to the residence of a corporation under 28 U.S.C. § 1391(c). The United States Supreme Court has held that 28 U.S.C. § 1400(b) is the exclusive venue statute in cases of patent infringement and should not be supplemented by the general venue provisions of the Judicial Code. Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957); Stonite Products Co. v. Melvin Lloyd Co., 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed, 1026 (1942). If this Court would adopt by analogy the cases which interpret the general venue provisions and in turn, their holdings that a corporation can be sued in all of the judicial districts of the state of its incorporation, this Court would be proceeding contrary to the specific ruling of the United States Supreme Court, namely, that the venue provisions in connection with patent infringement cases should not be supplemented by other venue provisions of the Judicial Code. Instead, as many cases have stated with respect to the construction of the patent venue provisions, the Court will construe the statutory provision strictly. See, *e. g.,* Schnell v. Peter Eckrich & Sons, 365 U.S. 260, 262, 81 S.Ct. 557, 5 L.Ed.2d 546 (1961); Mid-Continent Metal Prods. Co. v. Maxon Premix Burner Co., 367 F.2d 818, 820 (7th Cir. 1966); American Cyanamid Co. v. Nopco Chemical Co., 268 F.Supp. 506, 509 (W.D.Va.1967), aff'd, 388 F.2d 818 (1968).

■■■ In the present case, the defendant is a corporation that was incorporated in the State of Ohio. The State of Ohio has two federal judicial districts—the Northern District of Ohio and the Southern District of Ohio. The Court notes that the defendant, in its articles of incorporation, has designated Cincinnati, Ohio as the location for its principal office in the State of Ohio. The Court further notes that the defendant has no place of business nor any employees in the Northern District of Ohio. There is no evidence that the defendant has done any business in the Northern District of Ohio. Following the authorities which state that a corporation is prima facie a resident of the district in which it has its principal office as designated in its articles of incorporation in accordance with the requirement of the state law,[2] the Court finds that the defendant resides in the Southern District of Ohio rather than in the Northern District of Ohio. See Firestone Tire & Rubber Co. v. Vehicle Equip. Co., 155 F. 676 (C.C.E.D.N.Y.1907); 19 Am.Jur.2d Corporations § 1460; 12 O. Jur.2d Corporations § 266. See also Gorman v. A. B. Leach & Co., 11 F.2d 454, 457 (E.D.N.Y.1926) citing with approval the holding of the *Firestone* case, *supra.* Hence, venue is improperly lodged in this district.

■ Since venue is improper, the Court can dismiss the complaint of the plaintiff. However, the Court feels that in the interest of justice the case should be transferred, pursuant to 28 U.S.C. § 1406(a),[3] to the Southern District of Ohio. See Gould v. Cornelius Co., 258 F.Supp. 701, 704–705 (N.D.Okl.1966); E. H. Sheldon & Co. v. Norbute Corp., 228 F.Supp. 245, 247 (E.D.Pa.1964); Amp Inc. v. Essex Wire Corp., 223 F. Supp. 154, 156 (N.D.Ind.1963). By so transferring, this Court does not accept

---

2. Under the General Corporation Law of Ohio, a corporation is required to designate in its articles of incorporation the place in Ohio where the principal office of the corporation is to be located. See Ohio Revised Code § 1701.04(A) (2).

3. The section reads as follows:

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

the defendant's contention that the patent venue statute is jurisdictional.[4] Rather, the Court feels that the patent venue statute only pertains to venue and not jurisdiction.[5] See the excellent discussion of this issue in the case of Ruddies v. Auburn Spark Plug Co., 261 F. Supp. 648, 651–653 (S.D.N.Y.1966).

Therefore, since venue was improperly laid in this district and since in the interest of justice the case should be transferred to the district in which this case could have been brought, the Court hereby transfers this case to the Southern District of Ohio.

It is so ordered.

---

4. Since the Court does not accept the defendant's contention that the patent venue statute is jurisdictional, this, in turn, disposes of the defendant's assertion that the Court does not have jurisdiction over the plaintiff's second cause of action for unfair competition. Inasmuch as the Court has jurisdiction over the patent infringement action, it also has jurisdiction over the unfair competition action under 28 U.S.C. § 1338(b).

5. In this regard, the case of Metalock Repair Service, Inc. v. Harman, 288 F.2d 308 (6th Cir. 1961) is of no assistance in deciding this issue for the Court of Appeals in the cited case spoke in terms of both jurisdiction and venue in connection with 28 U.S.C § 1400(b).