FORBO–GIUBIASCO, S. A., Plaintiff,

v.

CONGOLEUM CORPORATION, Defendant.

No. 78 Civ. 5390.

United States District Court, S. D. New York.

Jan. 23, 1979.

**1244**

Toren, McGeady & Stanger, P. C., New York City, for plaintiff; David Toren, Jules E. Goldberg, Michael J. Kunstler, Samuel B. Mayer, New York City, of counsel.

D'Amato & Lynch, New York City, for defendant; Robert E. Meshel, Margaret M. O'Neill, New York City, Phillip B. Chavot, Richard T. Laughlin, of counsel.

LASKER, District Judge.

Defendant Congoleum Corporation (Congoleum) moves to dismiss on the grounds 1) that the court lacks jurisdiction because the complaint of plaintiff Forbo-Giubiasco, S.A. (Giubiasco) does not present a justiciable "case or controversy"; 2) that the court lacks jurisdiction because the amount in controversy does not exceed $10,000. as required by 28 U.S.C. § 1332; and 3) that venue in the Southern District of New York is improper. In the alternative, Congoleum seeks an order transferring the case to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a). Congoleum's motions are denied.

■ 1. Giubiasco seeks a declaratory judgment interpreting its licensing agreement with Congoleum. Briefly stated, Giubiasco asserts that the "most favored licensee" clause of the agreement allows it to take advantage of what it contends are the more favorable royalty provisions of a different licensing agreement between Congoleum and a third party. The issue presented is definite and concrete, touches the legal relations of the parties, and is amenable to conclusive judicial resolution. *Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227, 240–41, 57 S.Ct. 461, 81 L.Ed. 617 (1937); *Lebowich v. O'Connor*, 309 F.2d 111, 114 (2d Cir. 1962). The fact that Congoleum has commenced an action in New Jersey state court seeking to recover from Giubiasco royalty payments that Giubiasco asserts are not due Congoleum because (among other things) Giubiasco is entitled to the asserted benefits of the licensing agreement that it seeks to have delineated in this action, clearly demonstrates that there is an actual controversy between the parties.

■ 2. That Giubiasco seeks no monetary relief in this action does not mean that the amount in controversy does not exceed $10,000. An action for declaratory judgment may be maintained "whether or not further relief is or could be sought." 28 U.S.C. § 2201. Moreover, the complaint specifically alleges that the amount in controversy exceeds $10,000. "Such a formal allegation is sufficient, unless the bill contains others which qualify or detract from it in such measure that when all are considered together it cannot fairly be said that jurisdiction appears on the face of the complaint." *KVOS, Inc. v. Associated Press*, 299 U.S. 269, 277, 57 S.Ct. 197, 200, 81 L.Ed. 183 (1936). In this case, the pleadings and supporting affidavits clearly support the claim that over $10,000. is involved: Giubiasco seeks a declaration which, if favorable to it, will provide a partial or complete defense to Congoleum's claim that Giubiasco owes it about $1,000,000. in back royalties. "The value in controversy . . . is the value of that which it [is] sought to have protected, namely, the [asserted] debt of [$1,000,000.]" *Landers Frary & Clark v. Vischer Products Co.*, 201 F.2d 319, 324 (7th Cir. 1953).

■ 3. Congoleum asserts that venue in the Southern District of New York is improper because it neither does business nor is incorporated or licensed to do business in the Southern District, and therefore is not a resident of this district for venue purposes. 28 U.S.C. § 1391(c). However, after filing the motions Congoleum has conceded that it is licensed to do business in the State of New York. Congoleum nevertheless asserts that even when a foreign corporation is authorized to do business in a multi-district state, for venue purposes under section 1391(c) it is a resident only of those districts within the state in which it actually transacts business. Contradictory views have been expressed in this district on this and the related question whether venue is proper in every district in the state in which a corporation is incorporated. *Compare Westerman v. Grow*, 198 F.Supp. 307, 308 (S.D.N.Y.1961) *and Sawyer v. Soaring Soci-*

*ety of America, Inc.*, 180 F.Supp. 209, 213 (S.D.N.Y.1960) *with Baksay v. Rensellear Polytech Institute*, 281 F.Supp. 1007, 1009 (S.D.N.Y.1968). Judge Wisdom addressed the related question in *Davis v. Hill Engineering, Inc.*, 549 F.2d 314, 320–24 (5th Cir. 1977). He concluded that in enacting the 1948 recodification Congress intended to change the pre-1948 rule that a corporation was a resident only of the *district* of its incorporation, and consequently that venue is now proper "in every district of the state in which a defendant corporation is incorporated." *Id.* at 323–34. We believe that the parallel proposition, that venue is proper in every district in a state in which a corporation is licensed to do business, is also correct. Accordingly, venue is proper in the Southern District of New York.

4. As to the motion for transfer under 28 U.S.C. § 1404, Congoleum has not shown that trial of this action in Newark, New Jersey, would be any more convenient for the parties or witnesses, or that it would better serve the interests of justice, than trial in New York City. Accordingly, there is no basis for disturbing the plaintiff's choice of forum.

For the reasons stated, Congoleum's motion to dismiss the complaint or to transfer the action to the United States District Court for the District of New Jersey is denied.

It is so ordered.