**REID DOMINION PACKAGING LTD., Plaintiff,**

v.

**OLD TYME SOFTDRINKS, INC., Defendant.**

Civ-87-137C.

United States District Court, W.D. New York.

June 4, 1987.

Cohen, Swados, Wright, Hanifin, Bradford & Brett (Larry Kerman, of Counsel), Buffalo, N.Y., for plaintiff.

Stanley Israel, New York City, for defendant.

CURTIN, Chief Judge.

Pending before the court is defendant's motion to transfer venue to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1404(a).

This court's jurisdiction over the instant action is conferred by diversity of citizenship, pursuant to 28 U.S.C. § 1332. 28 U.S.C. § 1391(c) defines residence of a corporation for venue purposes:

> A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

Defendant is licensed to do business in New York. Accordingly, plaintiff's action was properly commenced here. *Forbo-Giubiasco, S.A. v. Congoleum Corporation,* 463 F.Supp. 1243, 1245 (S.D.N.Y.1979); *Richards v. Upjohn Corporation,* 406 F.Supp. 405 (E.D.Mich.1976); *Baksay v. Rensellear Polytech Institute,* 281 F.Supp. 1007 (S.D.N.Y.1968).

However, defendant contends that venue in this action should be transferred on the basis of *forum non conveniens,* pursuant to 28 U.S.C. § 1404(a). That statute provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Defendant has its place of business in New York City, County of Queens. Accordingly, this action might have been brought in the District Court for the Eastern District of New York.

Defendant bears the burden of establishing the propriety of a transfer of venue. *Factors, Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 218 (2d Cir.1978). To determine whether defendants have satisfied that burden, the following facts are pertinent: (1) the convenience to parties; (2) the convenience of witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems indicating where the case can be tried more expeditiously and inexpensively; and (7) the interests of justice, a term broad enough to cover the particular circumstances of each

case, which in sum indicate that the administration of justice will be advanced by a transfer.

*Teachers Insurance and Annuity Association of America v. David L. Butler,* 592 F.Supp. 1097, 1105 (S.D.N.Y.1984) (*quoting Schneider v. Sears,* 265 F.Supp. 257 (S.D. N.Y.1967)).

Defendant principally argues that venue in the Western District would be inconvenient to it as a party and to its witnesses. Defendant and its witnesses, defendant states, "have little or no contact with the Western District of New York...." (Item 4, p. 7.) Defendant's two employee witnesses reside in New Jersey. Defendant's non-party witness resides in New York City. Defendant also notes that all of its corporate records are in New York City. Defendant argues that plaintiff, on the other hand, has substantial contacts in the Eastern District, and would therefore not be greatly inconvenienced if the action was maintained there.

Plaintiff is a Canadian corporation, with its principal office and corporate headquarters in Hamilton, Ontario. The Western District of New York is the closest district in New York State to plaintiff. Hamilton is about 50 miles from the Western District Courthouse in Buffalo, New York, and about 500 miles from the Eastern District Courthouse. Plaintiff states that it would therefore be greatly inconvenienced by a change of venue, as would plaintiff's four witnesses who reside in the Hamilton area.

The doctrine of *forum non conveniens* "leaves much to the discretion of the court to which plaintiff resorts...." *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1946). It is evident in this case that it will be inconvenient for the defendant to litigate in the Western District of New York, but it would also be inconvenient for the plaintiff to litigate in the Eastern District. Inasmuch as the defendant chose to do business in New York, its complaint of the inconvenience of defending a lawsuit in this district should not be given considerable weight. *Lorusso, et al. v. Marco Tropical Properties, Inc.,* CIV–83–919E (W.D.N.Y.1986) [Available on WESTLAW, DCT database] (Item 6, Exh. B). In sum, transfer in this case would merely shift rather than minimize inconvenience. *Cf., Vassallo v. Niedermeyer,* 495 F.Supp. 757 (S.D.N.Y.1980).

Accordingly, defendant's motion to transfer venue is denied.

So ordered.